RITZINGER, Assignee, Appellant, vs. EAU CLAIRE NATIONAL BANK and others, imp., Respondents.

*May 16 — June 2, 1899.*

*Chattel mortgage: Fraudulent conveyances: Voluntary assignment.*

*Bona fide* creditors of an insolvent debtor having received chattel mortgages in good faith, without participating in any intent to hinder, delay, or defraud remaining creditors, their securities are valid when received by them, and are unaffected by the making of a voluntary assignment within sixty days thereafter unless the mortgagor contemplated making the assignment or the commencement of proceedings in insolvency at the time the mortgages were given.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This was an action brought by the assignee under a voluntary assignment of the firm of Schlosser Bros. to set aside two chattel mortgages which were given by said firm of Schlosser Bros. to the defendants the bank and *Schmidt*, respectively, on the ground: first, that said mortgages were given with intent to defraud creditors; and, second, that within sixty days after the giving of the mortgages the mortgagors made a voluntary assignment for the benefit of creditors.

The action was tried by the court, and the court found, in substance, that the debts owing by Schlosser Bros. to the

bank and *Schmidt* were *bona fide* debts; that the mortgages given by Schlosser Bros. to said bank and *Schmidt* were received by the mortgagees without notice of any intent on the part of the mortgagors to hinder, delay, or defraud crditors; that Schlosser Bros. were insolvent when said mortgages were made, and that the mortgagees had reasonable cause to believe them to be insolvent; that although, prior to the execution of the mortgages, Schlosser Bros. had considered the advisability of making a voluntary assignment, still, at the time when the mortgages were made, they did not contemplate either the making of a voluntary assignment or the commencement of proceedings in insolvency; that the voluntary assignment was in fact made by Schlosser Bros. February 1, 1896, being fifty-nine days after the mortgages were given, and was made with intent to defeat said mortgages. From these facts the court concluded that the mortgages were valid securities, and judgment was rendered for the defendants, from which the plaintiff appeals.

For the appellant there was a brief by *Frawley & Bundy*, attorneys, and *Frederick A. Teall*, of counsel, and oral argument by *Mr. Teall*.

For the respondents there was a brief by *Wickham & Farr*, attorneys for the *Eau Claire National Bank* and others, and *Fleming & Blum*, attorneys for *Schmidt*, and oral argument by *James Wickham* and *John B. Fleming*.

WINSLOW, J. There is sufficient evidence to support the findings of fact; hence the question is whether the findings support the judgment. That this question must be answered in the affirmative seems very evident. The defendant bank and *Schmidt* were *bona fide* creditors of Schlosser Bros., and received their chattel mortgages in good faith, without participating in any intent which Schlosser Bros. might have had to hinder, delay, or defraud their remaining creditors. Hence, under well-established principles, their securities were

valid when received by them. *Koch v. Peters*, 97 Wis. 492. Nor were the securities affected by the making of a voluntary assignment within sixty days after the mortgages were given, because the court has found, upon sufficient evidence, that the debtors did not contemplate the making of an assignment or the commencement of proceedings in insolvency at the time the mortgages were given. *Barnes v. Nat. Bank of Oshkosh*, 97 Wis. 16.

*By the Court.*— Judgment affirmed.